# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0676V
(not to be published)

|  |  |
|---|---|
| LAURA SCHRAM,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 23, 2023<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 3, 2020, Laura Schram filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration which meets the Table definition for a SIRVA injury, following the receipt of an influenza vaccine on October 10, 2018. Petition at 1. On January 30, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 31.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $11,876.16 (representing $11,385.50 for fees and $490.66 for costs). Petitioner's

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Application for Attorney's Fees and Costs ("Motion") filed Mar. 22, 2023, ECF No. 36. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on Apr. 5, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 37. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests compensation for her attorney Amy A. Senerth at the following rates: $250 per hour for time billed in 2019; $275 per hour for time billed in 2020; $300 per hour for time billed in 2021; $350 per hour for time billed in 2022; and $375 per hour for time billed in 2023. Petitioner also requests compensation for attorney Paul Brazil at the rate of $325 per hour for time billed in 2019. ECF No. 36 at 1.

The hourly rates requested for Ms. Senerth and Mr. Brazil for work performed through the end of 2021 are reasonable and consistent with our prior determinations and will therefore be adopted. Ms. Senerth, however, was previously awarded the rate of $325 per hour for her time billed in 2022, less than what is being requested herein. *See Babyak* v. *Sec'y of Health & Human Servs.,* No. 20-0495V, 2022 WL 2288692 (Fed. Cl. Spec. Mstr. May 19, 2022); *Neiman* v. *Sec'y of Health & Human Servs.,* No. 20-445V, 2022 WL 2282444 (Fed. Cl. Spec. Mstr. May 12, 2022); *Johnston* v. *Sec'y of Health & Human Servs.,* No. 19-0822V, 2022 WL 2387528 (Fed. Cl. Spec. Mstr. May 27, 2022). I find no reason to deviate from the previously awarded rate. Accordingly, I reduce Ms. Senerth's rate to $325 per hour for her time billed in 2022, to be consistent with her previously awarded rate. This results in a reduction of attorney's fees to be awarded of **$172.50**.[3]

Furthermore, for 2023 work Petitioner has requested for Ms. Senerth the rate of $375 per hour - representing a rate increase of $50. Motion at 1, 10-11. And Petitioner requests an hourly rate of $177 for paralegal work performed in 2023. *Id.* at 10. I find these hourly rates to be reasonable and will award the attorney's fees requested for time billed in 2023.

Lastly, Petitioner has provided supporting documentation for all claimed costs. Attachment to Motion at 13-19. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $11,703.66 (representing $11,213.00 for fees and $490.66 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Amy A. Senerth.**

---

[3] This amount consists of ($350 - $325 = $25 x 6.90 hrs = $172.50)

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.